**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROMAINE PETROP-CIVIL, | : | CIVIL ACTION NO. 16-9280 (JLL) |
| Plaintiff, | : | **O P I N I O N** |
| v. | : | |
| FEDERAL RESERVE BANK OF NEW YORK, et al., | : | |
| Defendants. | : | |

**LINARES, District Judge**

The plaintiff, Romaine Petrop-Civil, brought this action in New Jersey state court to recover damages for alleged employment discrimination under the New Jersey Law Against Discrimination (hereinafter, "the NJLAD") and New Jersey common law. (See dkt. 1-2.)[1] Petrop-Civil asserted her claims against the following defendants: (1) her former employer, the Federal Reserve Bank of New York (hereinafter, "the FRBNY"); and (2) Karen Lynch, who is alleged to be "an Assistant Vice President and/or Manager at [the FRBNY]." (Id.)

The defendants removed this action based upon the original jurisdiction afforded to the federal district courts by 12 U.S.C. § 632 over cases brought against the FRBNY

---

[1] The Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

and its employees. (See dkt. 1.) See 12 U.S.C. § 632 (stating that a matter in which a Federal Reserve Bank, such as the FRBNY, is a party is deemed to arise under the laws of the United States, and that the district courts of the United States shall have original jurisdiction over all such suits).

The defendants now move to dismiss all of Petrop-Civil's claims pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 12(b)(6). (See dkt. 5; dkt. 5-1; dkt. 6; dkt. 7; dkt. 7-1; dkt. 14.) Petrop-Civil opposes the motion. (See dkt. 9.)

The Court will resolve the motion upon a review of the papers and without oral argument. See L.Civ.R. 78.1(b). The Court presumes the familiarity of the parties with the factual context and the procedural history of the action. For the following reasons, the Court will grant the motion to dismiss.

## BACKGROUND

Petrop-Civil worked as a clerk for the FRBNY at a location in East Rutherford, New Jersey, before her employment was terminated. (See dkt. 1-2 at 6.) She identifies herself as "a 58 year old African-American woman of Haitian descent." (Id.) According to Petrop-Civil, she was terminated by the FRBNY based upon her "ancestry, origin, age, nationality and/or gender" in violation of the NJLAD and the related New Jersey common law. (See generally dkt. 1-2.)

## LEGAL STANDARD

It is not necessary for the Court to restate the standard for resolving a motion made pursuant to Rule 12(b)(6) to dismiss all of a plaintiff's claims, because that standard has

been already enunciated. See Mariotti v. Mariotti Bldg. Prods., Inc., 714 F.3d 761, 764–65 (3d Cir. 2013) (setting forth the standard; citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); Fowler v. UPMC Shadyside, 578 F.3d 203, 209–12 (3d Cir. 2009) (setting forth the standard; citing Twombly and Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

## DISCUSSION

### I. The Defendants' Arguments

The defendants argue in support of their motion to dismiss that Petrop-Civil's New Jersey state employment discrimination claims are preempted by Section 341 (Fifth) of the Federal Reserve Act, which provides that the Federal Reserve Bank possesses the power "[t]o appoint by its board of directors a president, vice presidents, and such officers and employees as are not otherwise provided for in this [Act], to define their duties, require bonds for them and fix the penalty thereof, and to dismiss at pleasure such officers or employees." 12 U.S.C. § 341 (Fifth).

The defendants specifically rely upon the holding in Fasano v. Federal Reserve Bank of New York, 457 F.3d 274 (3d Cir. 2006), which also concerned New Jersey employment discrimination claims brought by a former employee at the FRBNY's East Rutherford, New Jersey location against the FRBNY and several of its employees. In Fasano, the Third Circuit Court of Appeals held that employment discriminations claims brought under New Jersey law are barred against the FRBNY and its employees, because New Jersey law offers forms of relief that go beyond any of their federal counterparts,

such as Title VII and the Age Discrimination in Employment Act, and thus for a court to permit New Jersey state claims to proceed would violate the preemption afforded under Section 341 (Fifth). See 457 F.3d at 278.

## II. The Plaintiff's Arguments

Petrop-Civil argues in opposition that the Court should be persuaded by certain case law holding that the employment discrimination laws of New York — for example, the New York Human Rights Law — are not preempted by Section 341 (Fifth). (See generally dkt. 9 at 4–6 (citing opinions issued by the district courts within the Southern District of New York and the Eastern District of New York).) In addition, Petrop-Civil argues that the holding in Fasano is not controlling authority, and that the claims brought under the NJLAD and the related New Jersey common law are indeed consistent with their federal counterparts. (See dkt. 9 at 4–5 (arguing that "the laws of NJ and the Federal laws are not in conflict and therefore, [the Federal Reserve Act] does not preempt the application of the NJ antidiscrimination laws").)

## III. Analysis

The defendants' motion to dismiss is granted. The Court declines to accept Petrop-Civil's invitation to follow the opinions of those district courts addressing the employment discrimination laws of New York. The Court is bound by the previous determination of the Third Circuit Court of Appeals that NJLAD claims and any related New Jersey common law claims that are brought against the FRBNY and its employees are indeed preempted.

The Third Circuit in Fasano concluded that Section 341 (Fifth) of the Federal Reserve Act granted to all of the Federal Reserve Banks the "absolute, unlimited power to dismiss an employee," and that as a result that Act "preempts *any* state employment law that goes beyond the remedies and protections provided by" federal law. Fasano, 457 F.3d at 288. Furthermore, the Third Circuit held that "[s]tate anti-discrimination laws that do not mirror their federal analogs cannot be validly applied to the [FRBNY] by virtue of conflict preemption with Section 341 (Fifth) of the Federal Reserve Act." Id. at 290.

The Third Circuit then specifically held that the FRBNY and FRBNY employees could not be subjected to a civil action wherein a terminated employee sought relief under the NJLAD, because those types of claims provide for unlimited punitive damages, provide for individual liability on the part of employees, and impose substantive and procedural burdens well beyond those imposed by federal law, thereby frustrating the purpose of Section 341 (Fifth). See id. at 283, 289. Thus, the Third Circuit concluded that to permit New Jersey employment discrimination claims to proceed "would conflict with Congress's intent to provide Federal Reserve Banks with the broadest latitude possible in carrying out their statutory duties" pursuant to Section 341 (Fifth). Id. at 288–89.

To the extent that Petrop-Civil asserts claims that are linked to employment discrimination under the New Jersey common law, the holding in Fasano makes it clear that those claims are barred against the FRBNY and its employees as well, because those

5

claims are subsumed by the NJLAD within the employment context. See id. 287–88 (stating that in view of the reach of Section 341 (Fifth), "it would make little sense to allow state tort claims [asserted within the employment context] to proceed"); see also Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 255 (3d Cir. 2004) (dismissing New Jersey common law claims brought by a former FRBNY employee concerning termination of employment that were asserted against the FRBNY); see also Gaines v. United Parcel Serv., Inc., No. 13-3709, 2014 WL 1450113, at *5–9 (D.N.J. Apr. 14, 2014) (dismissing New Jersey common law claims arising from the plaintiff's termination of employment, because they were subsumed by the NJLAD and were based on the same operative facts underlying the NJLAD claims).

    The Court's discussion of Fasano demonstrates that the Third Circuit's holding therein is not ambiguous, and therefore renders Petrop-Civil's arguments to be without merit. See 457 F.3d at 288 (holding that "by no stretch of the imagination can . . . the [NJ]LAD be said to 'parallel' or 'mirror' [its] federal counterpart[]").

## CONCLUSION

For the aforementioned reasons, the Court grants the defendants' motion to dismiss all of Petrop-Civil's claims. The Court will enter an appropriate order and judgment.

_____
JOSE L. LINARES
United States District Judge

Dated: February  15 , 2017